RAYMOND L. PETERSON AND ANOTHER v.
ARNOLD E. BISHOP AND ANOTHER.

202 N. W. 2d 202.

October 27, 1972—No. 43034.

*LaMar Thomas Piper,* for appellants.

*Erickson, Zierke, Kuderer, Utermarck & Sinor* and *Russell E. Utermarck,* for respondents.

Heard before Knutson, C. J., and Kelly, Todd, and MacLaughlin, JJ.

PER CURIAM.

The parties involved in this case are lakeside neighbors in Watonwan County. Plaintiffs brought an action claiming that defendants occupy land on plaintiffs' side of the boundary and seeking to have that land restored to them. The trial court made a finding that defendants' predecessor in interest had acquired the disputed land as a result of settlement of a lawsuit, similar to the instant action, which had been brought by plaintiffs' predecessor in interest. The jury in the case at bar was asked to determine whether the parties had reached an agreement concerning the boundary. The determination made by the jury upheld plaintiffs' contention that defendants had agreed to restore most of the disputed property to the plaintiffs. Defendants' motion for amended findings of fact or a new trial was denied and they appeal that denial. We reverse.

Plaintiffs' original complaint alleged that they owned the property by deed and by adverse possession. Defendants' answer claimed the property by adverse possession. On the first day of the trial, plaintiffs moved to amend their complaint to contain the further allegation that the parties agreed to a boundary line in May 1964. Defendants objected,

claiming surprise, but the trial court allowed the amendment. The amendment was crucial to the case and without it the verdict would have been directed for defendants. In support of their motion for a new trial, defendants stated by affidavit that they would have produced seven witnesses to refute plaintiffs' claim of an agreement.

Generally speaking, the decision of whether to allow an amendment to the complaint on the first day of the trial belongs to the trial court and will not be disturbed on appeal unless there has been a clear abuse of discretion. Rule 15, Rules of Civil Procedure. In the instant case, defendants' attorney was caught by surprise by the new theory of plaintiffs and made vigorous objection to the amendment. The motion for a new trial contains an affidavit which states that defendants have witnesses who were present when the parties measured their lots and who would testify that no agreement was made. During the trial, plaintiffs testified that a fence was moved subsequent to the alleged agreement. Defendants' affidavit states that witnesses could testify that the fence was never moved. Plaintiffs' original complaint did not put defendants on notice that such witnesses would be essential to the defense.

Because defendants were surprised by the amendment which was so crucial to plaintiffs' case, they were unable to present an effective defense. We believe that a new trial would serve the interests of justice.

Reversed and a new trial ordered.